**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS CUNNINGHAM,       ) | |
|       ) | |
|         Petitioner,       ) | |
|       ) | |
| v.       ) | Case No. CIV-26-184-D |
|       ) | |
| WARDEN, FCI EL RENO,       ) | |
|       ) | |
|         Respondent.       ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Thomas Cunningham, a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus.  Doc. 1.  United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Because Petitioner is no longer in custody of the Federal Bureau of Prisons ("BOP") and the Court can grant no relief to him, the undersigned recommends the Court dismiss the Petition as moot.

## I.      <u>Background and Petitioner's Claims</u>

Petitioner seeks habeas relief under 28 U.S.C. § 2241, challenging the execution of his sentence and asserting "he will be unlawfully detained past his proper release date due to the [BOP's] failure to correctly calculate and apply his earned and projected First Step Act Time Credits."  Doc. 1 at 1.  Respondent filed a motion to dismiss ("Motion"), seeking dismissal on the grounds Petitioner (1) failed to exhaust administration remedies and (2) failed to state a claim.  Doc. 8 at 2.  Respondent also asserted that Petitioner's projected release date was April 30, 2026.  *Id.* at 4.

Petitioner did not respond to Respondent's Motion.  After the deadline passed for Petitioner's response, the undersigned reviewed the BOP inmate locator and confirmed his expected release date was listed as April 30, 2026.  The undersigned also recently confirmed Petitioner was "Not in BOP Custody as of: 04/30/2026."  BOP Inmate Locator, *at* https://www.bop.gov/inmateloc/ (last visited May 8, 2026).

## II.    Standard of Review

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Because Petitioner is no longer custody, the undersigned considers whether the Petition is moot.  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).  "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

## III.    Analysis

Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2).  "In order to invoke federal-court jurisdiction, a [petitioner] must

2

demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in BOP custody. Though jurisdiction attached in this district when Petitioner filed his Petition here, his subsequent release from custody may render his Petition moot unless an exception to the mootness doctrine applies. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences of the conviction adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (citation modified) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention and seeks an order that the BOP "immediately recalculate [his] sentence"; a declaration that the BOP's method of calculating his sentence

3

"violates federal law"; and an order that the BOP "immediately adjust [his] projected release date." Doc. 1 at 8-9. As such, the only relief Petitioner seeks relates to reducing his sentence, but he has now been released from custody. Accordingly, "were this Court to find that the BOP had previously miscalculated his sentence, the result would have no effect in the real world—rendering the petition moot." *Langley v. Goldey*, No. CIV-23-461-SLP, 2023 WL 9103084, at *2 (W.D. Okla. Nov. 8, 2023) (R&R), *adopted*, 2024 WL 55584 (W.D. Okla. Jan. 4, 2024); *see also, e.g., United States v. Field*s, 823 F. App'x 587, 590 (10th Cir. 2020) (finding, when the only relief the appellant sought was to reduce his sentence, the request was mooted by his release).

Beyond those arguments, Petitioner does not present anything in his Petition that could be construed as a redressable collateral consequence and, as such, there is no indication that an exception to the mootness doctrine applies. *See, e.g., Batres v. Okla. City Fed. Transfer Ctr*., No. CIV-25-451-HE, 2025 WL 2937459, at *2 (W.D. Okla. Sept. 23, 2025) (recommending dismissal of § 2241 petition seeking recalculation of a petitioner's sentence and finding no exception to the mootness doctrine as "no continuing injury or collateral consequences of [the petitioner's] conviction are evident from the record") (R&R), *adopted*, 2025 WL 2934925 (W.D. Okla. Oct. 15, 2025); *Carter v. Warden FCI Florence*, No. 25-CV-00012-LTB-RTG, 2025 WL 4664860, at *2 (D. Colo. Mar. 14, 2025) ("Mr. Carter has not responded to Respondent's Motion to Dismiss or put forth any arguments that an exception to the mootness doctrine applies. Accordingly, because Mr. Carter received his FSA time credits, is no longer in BOP custody, and none of the exceptions to the mootness doctrine . . . apply, this Court recommends that the

4

Application be dismissed without prejudice for lack of Article III jurisdiction.") (R&R), *adopted*, 2025 WL 4664859 (D. Colo. Apr. 8, 2025).

Petitioner is no longer in BOP custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot.

## IV.    Recommendation and Notice of Right to Object

Petitioner's release from BOP custody renders his Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice as moot.[1]

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **May 29, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[1] Adoption of this Report and Recommendation would moot Respondent's Motion, Doc. 8.

**ENTERED** this 8th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE